# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

JOSE AMILCAR ZELAYA and
IRMA YOLAND SANCHEZ,

    Debtors.

Case No. 07-13144-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE is before the court on the debtors' motion to reopen the case to permit the entry of a discharge. The debtors did not timely file their Certificate of Completion of Debtor Education.

The debtors filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code in this court on October 25, 2007. On October 28, 2008, the court sent a notice to the debtors advising of them of the requirement to complete the personal financial management course and the need to file the certification that the course has been successfully completed. The deadline by which the certificate was to be submitted was January 17, 2008. The debtors completed their required course on December 28, 2007 and filed their certification on February 28, 2008. However, the case had been closed without a discharge being granted on February 27, 2008. This was more than a month after the deadline for filing the certificate.

The debtors state that the provider, Greenpath, Inc., did not send the certificate to either the debtors or the debtors' counsel. The motion continues, "[N]or did the debtors' counsel learn that they had taken the course until after the case was closed." Motion ¶2.

Even if Greenpath failed to provide a certificate of completion, this is not a sufficient explanation. The debtors were well aware of the requirement to file a certificate from the specific

notice given to them by the clerk of this court. The clerk's notice is clear: Not only must they complete the required course, they must file a certificate of completion. Counsel, an experienced practitioner in this court, well knew of the requirement. Here, counsel's failure to follow-up was also a cause. He should have a proper tickle system in place and utilize it. Every bankruptcy has multiple deadlines. This is just one of them. Had he followed-up, he would have known before the deadline to file the certificate had expired, that the debtors had not supplied the required certificate. He would have then followed up, and, in this instance, found that they had fully complied but that the certificate had not been forwarded to him for filing.

All parties involved, the debtor education provider, both debtors, and debtors' counsel, are responsible to some degree for the debtors having failed to timely comply with the requirements of the Bankruptcy Code, that is, to timely file a certificate of completion. In this case, the court cannot find good cause to reopen the case. The court notes that the case was closed without prejudice to the debtors filing another petition in bankruptcy.

The motion will be denied.

Alexandria, Virginia
March 19, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Richard G. Hall
Robert O. Tyler

14123